1
2
3
4
5
6

The grounds for this motion are that the Federal Water Pollution Control Act, commonly referred to as the Clean Water Act ("CWA"), Title 33 United States Code §1251 - 1387, authorizes any citizen to intervene as a matter of right in an action which has commenced and is being diligently prosecuted by the Administrator of the Environmental Protection Agency (the "Administrator"), said action requiring that a governmental instrumentality or agency comply with standards of the CWA, 33 USC §1365(b)(1)(B).

7

### INTRODUCTION

8
9
10
11
12
13
14

1. On 12/20/02 the U.S. Attorney filed in the above-captioned case a *Complaint for Injunctive Relief and Civil Penalties Under the Clean Water Act and Safe Drinking Water Act* (the "Complaint"), at the request of the Administrator. The Complaint is brought against the Guam Waterworks Authority ("GWA") and the Government of Guam ("GovGuam") "to address the imminent and substantial endangerment to the health and welfare of persons presented by: (1) the numerous and repeated discharges of untreated and inadequately treated wastewater from GWA's treatment works..." (Complaint ¶1).

15
16
17
18
19
20
21

2. In pertinent part, the action seeks injunctive relief and civil penalties for GWA's alleged violations of the CWA and of the terms and conditions of applicable permits issued by the Environmental Protection Agency ("EPA") to GWA, for its operation and maintenance of sewage treatment plants and wastewater collection and conveyance systems, defined as "treatment works" (Complaint ¶63). Included in GWA's treatment works is a sewage pump station located on Lot No. 3262-1A-1 in Chalan Pago/Ordot near the intersection of Route 10 and Route 4, known as the "Tai Mangilao Pump Station" since it is located close to Tai Road.

22
23

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
ADA PLAZA CENTER, STE 205A
173 ASPINALL AVENUE
HAGATNA, GUAM 96910
TELEPHONE (671) 472-1996/9

-2-

Case 1:02-cv-00035    Document 12    Filed 05/22/2003    Page 2 of 59

1    3. Intervenor is the owner of Lot No. 3262-1A-2-R1 Chalan Pago/Ordot, Guam, a

2 commercial-zoned lot consisting of 4,339 square meters, which is adjacent to the Tai Pump Station.

3 On 07/01/99 Intervenor served the Guam Attorney General's Office with a proposed *Claim for*

4 *Damages for Conversion of Real Property* (the "Claim") against GWA and GovGuam, attached

5 hereto for reference as Exhibit "2". Said Claim alleges that GWA's negligent operation of the Tai

6 Pump Station results in routine and numerous discharges of raw untreated sewage which overflows

7 across Intervenor's property, thereby rendering it valueless. The Claim seeks $600,000 in

8 compensation for the wrongful conversion of Intervenor's property.

9    4. On or about September 2000, GWA used emergency federal relief funds which were

10 received following Typhoon Paka to "harden" Tai Pump Station by installing new pumps. The

11 Governor of Guam's declared state of emergency needed to obtain the funds, and reference to the

12 Tai Mangilao Pump Station, is discussed in a Pacific Daily News article dated 05/22/1999, attached

13 hereto as Exhibit "3". This action temporarily abated the frequency of the sewage overflows, until

14 the new equipment failed due to GWA's continued negligent mismanagement of its facilities and

15 lack of any meaningful maintenance program.

16    5. On 01/24/2001 Intervenor served GWA with its proposed Claim, by letter delivered to

17 GWA's legal counsel the Law Offices of Dooley Lannen Roberts & Fowler LLP. Said letter was

18 acknowledged by the law firm's letter dated 01/30/2001, and both are attached hereto as Exhibit "4".

19    6. On or about 04/24/2003 Intervenor first became aware of the Complaint filed by the

20 United States of America in the above-captioned case, into which case Intervenor now requests

21 leave of Court to enter as a co-plaintiff to protect her interest in the subject matter of the litigation,

22 *to wit*, GWA's alleged repeated violations of the CWA resulting in sewage discharges which cause

23

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
ADA PLAZA CENTER, SUITE 300A
173 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 472-1999/9

-3-

1   imminent danger to the public, and GWA's and GovGuam's civil liability therefore.

2   ### *MEMORANDUM OF POINTS & AUTHORITIES*

3   7. <u>Intent of Congress</u>: As stated in the CWA, 33 USC §1251 *Congressional declaration of*

4   *goals and policy*:

5         (a)...The objective of this chapter is to restore and maintain the
    chemical, physical, and biological integrity of Nation's waters. In
6   order to achieve this objective it is hereby declared that,...

7   (4) it is the national policy that Federal financial assistance be
    provided to construct publicly owned waste treatment works;

8   (5) it is the national policy that areawide waste treatment
    management planning processes be developed and implemented to
9   assure adequate control of sources of pollutants in each State;...

10  (e)...<u>Public participation in the</u> development, revision and
    <u>enforcement of any regulation</u>, standard, effluent limitation, plan, or
11  program established by the Administrator or any State under this
    chapter <u>shall be provided for, encouraged, and assisted by the</u>
12  <u>Administrator and the States</u>. (Underlining added.)

13  8. <u>Private right of action</u>: As stated in the CWA, 33 USC §1365 *Citizen suits*:

14  (a) Authorization; jurisdiction: Except as provided in subsection (b)
    of this section ans section 1319(g)(6) of this title, <u>any citizen may</u>
15  <u>commence a civil action on his own behalf -</u>
    <u>(1) against any person (including (i) the United States, and (ii) any</u>
16  <u>other governmental instrumentality or agency</u> to the extent permitted
    by the eleventh amendment to the Constitution) who is alleged to be
17  <u>in violation of (A) an effluent standard or limitation under this</u>
    <u>chapter or (B) an order issued by the Administrator</u> or a State with
18  respect to such a standard or limitation;
    (2)...<u>The district courts shall have jurisdiction</u>, without regard to the
19  amount in controversy or the citizenship of the parties, to enforce
    such an effluent standard or limitation, or such an order,...and to
20  apply any appropriate civil penalties under section 1319(d) of this
    title.

21  ///

22

23

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
ADA PLAZA CENTER, STE.207A
115 ARCHBAL AVENUE
HAGATNA, GUAM 96910
TELEPHONE (671) 472-1996/9

-4-

1    (b) Notice: No action may be commenced -

2    (1) under subsection (a)(1) of this section - (A) prior to sixty days
     after the plaintiff has given notice of the alleged violation...or

3    (B) <u>if the Administrator or State has commenced and is diligently
     prosecuting a civil or criminal action in a court of the United States,</u>
     or a State to require compliance with the standard, limitation, or

4    order, but in any such action in a court of the United States <u>any
     citizen may intervene as a matter of right.</u> (Underlining added.)

5

6    (g) "Citizen" defined: For the purpose of this section the term
     "citizen" means a person or persons having an interest which is or

7    may be adversely affected.

8    9. <u>Federal Rules of Civil Procedure</u>: As stated in FRCP Rule 24 *Intervention*:

     (a) Intervention of right: Upon timely application anyone shall be

9    permitted to intervene in an action: (1) when a statute of the United
     States confers an unconditional right to intervene; or (2) when the

10   applicant claims an interest relating to the property or transaction
     which is the subject of the action and the applicant is so situated that

11   the disposition of the action may as a practical matter impair or
     impede the applicant's ability to protect that interest, unless the

12   applicant's interest is adequately represented by existing parties.

13   10. <u>Purpose of intervention</u>: As stated in the Fed.Rules Civ.Proc. Rule 24, 28 U.S.C.A. Note

14   3 *Purpose*: [the] "Purpose underlying this rule is to prevent multiplicity of suits where common

15   questions of law or fact are involved. <u>Reich v. Webb</u>, C.A.Cal.1964, 336 F.2d 153"; and

16   "Intervention is permitted to allow intervenor to be put in position to assert in he action a right

17   which it has in respect to something in dispute between the original parties. <u>True Gun-All</u>

18   <u>Equipment Corp. v. Bishop Intern. Engineering Co.</u>, D.C.Ky.1960, 26 F.R.D.150.

19   11. <u>Construction of rule</u>:  As stated in the Fed.Rules Civ.Proc. Rule 24, 28 U.S.C.A. Note

20   1 *Construction*: "These rules must be liberally construed to avoid a multiplicity of suits, and all

21   related controversies should as far as possible be settled in one action. <u>Brotherhood of Locomotive</u>

22   <u>Engineers v. Chicago, M., St. P. & P.R. Co.</u>, D.C.Wis.1940, 34 F.Supp. 594.

23

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
ADA PLAZA CENTER, STE.305A
115 ASPINALL AVENUE
HAGATNA, GUAM 96910
TELEPHONE (671) 472-3996/9

-5-

1

## *ARGUMENT*

2       12. <u>Timeliness</u>: Intervenor submits that since (a) the Complaint in the above-captioned

3  action was filed on 12/20/2002; (b) the Defendants have not to date filed any responsive pleading;

4  and (c) Intervenor only recently became aware of the pendency of this action; that this *Notice of*

5  *Motion and Motion to Intervene* is timely filed within a reasonable period of time after Intervenor

6  became aware of her having a protectable interest in the existing case.

7       13. <u>Prejudice to parties</u>: (a) The existing parties will not be prejudiced by the granting of

8  intervention, since the cause of action is basically the Plaintiff Administrator demand that the

9  Defendant's comply with the statutory requirements of the CWA and SDWA in the operation and

10  maintenance of sewage collection/treatment and public water delivery systems throughout the island

11  of Guam, including GWA's operation of approximately 75 sewage pump stations (Complaint ¶61).

12       As a co-plaintiff, Intervenor's interest in this case is identical to the Administrator's

13  although minute in comparison, since it focuses solely on GWA's alleged negligent operation of one

14  Tai Mangilao Pump Station which GWA allegedly allows to regularly flood raw sewage across

15  Intervenor's adjacent property. Neither the Administrator's allegations of violations and claims for

16  remedies, nor the Defendants' defenses thereto, are detrimentally affected by Intervenor bringing

17  her claim for damages which have allegedly resulted from GWA's negligent operation of the Tai

18  Mangilao Pump Station.

19       (b) However the Intervenor will be prejudiced by a denial of intervention since

20  Intervenor, after nearly ten years of attempting to resolve her issue with GWA, if not allowed to

21  intervene in this existing Administrator's case, will be required to bring a duplicate case citing the

22  same alleged violations. This is an inequitable result as Intervenor would be burdened with the

23

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
ADA PLAZA CENTER, STE.200A
115 ANDINAL AVENUE
HAGATNA, GUAM 96910
TELEPHONE (671) 472-1999/9

-6-

Case 1:02-cv-00035    Document 12    Filed 05/22/2003    Page 6 of 59

1  expenses of litigation and delayed in obtaining judgment, rather than simply having her claim

2  adjudicated as a part of the existing case which would have insignificant consequences to the

3  existing parties and their interests.

4      14. <u>Right to intervene</u>. As cited in paragraph 8 and 9 above, Intervenor submits that CWA,

5  33 USC §1365(a) is a statute of the United States which confers an unconditional right to intervene

6  in the above-captioned case, pursuant to FRCP Rule 24(a)(1).

7      In the alternative, Intervenor submits that she has a right to intervene pursuant to

8  FRCP Rule 24(a)(2) since: (a) she claims an interest in the subject matter of the existing action; (b)

9  she is so situated that the disposition of the action may as a practical matter impair or impede her

10  ability to protect that interest; and (c) her interest is not adequately represented by the existing

11  parties.

12      This alternative right to intervene is based upon the fact that: (a) Intervenor's interest

13  in requiring GWA to operate and maintain the Tai Mangilao Pump Station in compliance with

14  federal law, constitutes an interest in the subject matter of the existing case, *to wit*, that GWA

15  operate and maintain Guam's sewage collection and treatment system in compliance with the CWA

16  and SDWA;

17      (b) the disposition of the present action could detrimentally affect Intervenor's

18  interest in obtaining compensation for the alleged injury GWA has caused to Intervenor's private

19  property, if for example the disposition should absolve GWA of any wrongdoing in its operation

20  of the island-wide system while overlooking Intervenor's allegations of GWA's mismanagement

21  of the Tai Mangilao Pump Station. Such an outcome of the federal case would adversely affect

22  Intervenor's ability to prevail in a private cause of action based on the same general allegations; and

23

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
ADA PLAZA CENTER, STE 207A
173 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 472-1998/9

-7-

Case 1:02-cv-00035   Document 12   Filed 05/22/2003   Page 7 of 59

1    (c) the Intervenor's interest is not adequately represented by the existing parties since

2    it is adverse to the interests of the Defendants, and the Plaintiff Administrator has not sought, and

3    may not be authorized as a federal official to seek, specific compensatory monetary damage relief

4    for injuries the Defendants may have caused to a single private individual. The federal suit seeks

5    injunctive relief and civil penalties for the "imminent and substantial endangerment to the health

6    and welfare of persons presented by: (1) the numerous and repeated discharges of untreated and

7    inadequately treated wastewater from GWA's treatment works..." (Complaint ¶1). This does not

8    encompass Intervenor's claim for monetary damages due to GWA's alleged unlawful taking and

9    conversion of Intervenor's real property, and this interest will remain unrepresented by the existing

10   parties unless intervention is granted.

11   For all the reasons given above, the applicant for intervention TERRI C. DAVIS hereby

12   respectfully moves the Court for leave to intervene as a matter of right, as a co-plaintiff with the

13   United States of America in the above-captioned case, pursuant to the Federal Rules of Civil

14   Procedure Rule 24(a).

15   DATED this $2/\underline{\quad}$ day of May, 2003 at Hagåtña, Guam.

16

17                                           ROBERT N. DAVIS, P.C.,
                                             Attorney for Terri C. Davis,
18                                           Applicant for Intervention

19

20   ///

21   ///

22

23

-8-

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
ADA PLAZA CENTER, STE.203A
115 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 472-1998/9

1

## VERIFICATION

2

GUAM, U.S.A.,    )

3

                  ( ss.:

City of Hagåtña.     )

4

       I, TERRI C. DAVIS, being duly sworn, depose and say that I am the Applicant for

5

Intervention in the above-entitled action; that I have read the foregoing *Notice of Motion and Motion to Intervene* and know the contents thereof; and that the same is true of my own knowledge, except

6

as to those matters which are therein stated on information and belief and, as to those matters, I

believe them to be true.

7

8

TERRI C. DAVIS

9

SUBSCRIBED AND SWORN TO before me, a notary public in and for Guam, USA, this _21_ day

10

of _May_,2003, by TERRI C. DAVIS.

11

12

NOTARY PUBLIC

13

14

**FRANK G. PETERS**
NOTARY PUBLIC
In and for Guam U.S.A.
My Commission expires: February 9, 2005
415 CHALAN SAN ANTONIO SUITE #101
TAMUNING, GUAM 96911

15

16

17

18

19

20

21

22

23

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
ADA PLAZA CENTER, STE.207A
115 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 472-5900/9

# EXHIBIT "1"

1   **ROBERT N. DAVIS**
    A PROFESSIONAL CORPORATION
2   YPAO PLAZA, SUITE 103
    340 SAN VITORES ROAD
    TUMON, GUAM  96913
3   TELEPHONE (671) 649-1997/8
    FACSIMILE (671) 649-1995

4   **Attorney for Plaintiff**
    **Terri C. Davis**
5

6                   UNITED STATES DISTRICT COURT

7                       TERRITORY OF GUAM

8                         ----------
9   UNITED STATES OF AMERICA,      )      **CIVIL CASE NO. 02-00035**
    and TERRI C. DAVIS,            )
10                                 )           **(Proposed)**
                                   )      **COMPLAINT OF TERRI C. DAVIS**
11               Plaintiffs,       )       **FOR INJUNCTIVE RELIEF**
                                   )           **AND DAMAGES**
12             vs.                 )
                                   )
13  GUAM WATERWORKS AUTHORITY      )
    and the GOVERNMENT OF GUAM,    )
14                                 )
                Defendants.        )
15                        ----------
          COMES NOW the Plaintiff TERRI C. DAVIS, and by and through her counsel

16  Robert N. Davis, P.C. herein alleges:

17                          **JURISDICTION**

18        1.      This is a civil action for injunctive relief and damages against the Defendant Guam

19  Waterworks Authority ("GWA") for its violations of the Federal Water Pollution Control Act,

20  commonly referred to as the Clean Water Act ("CWA"), Title 33 United States Code §1251 - 1387.

21  CWA, 28 USC §1365 confers upon this Court jurisdiction over citizen suits brought against any

22  governmental instrumentality or agency alleged to be in violation of an affluent standard or

23  limitation imposed by the CWA.

Civil Case No. 02-000335 USA *et al.*, v. Guam Waterworks Authority, *et al.*,
(Proposed) Complaint of T. Davis
for Injunctive Relief and Damages

## PARTIES

2.      Plaintiff TERRI C. DAVIS ("Plaintiff") is an individual person who is a citizen of the United States, and a resident of the territory of Guam.

3.      The defendants are the Guam Waterworks Authority ("GWA") and the Government of Guam ("GovGuam").

4.      GWA is a public corporation and an agency within the Government of Guam.  GWA has the authority to produce, treat, transmit, store, distribute, and sell water on Guam.  GWA also has the authority to collect, treat, and sell or dispose of wastewater on Guam.  GWA may be sued for actions incident to the exercise of its lawful powers pursuant to Title 12, Guam Code Annotated, Chapter 14. 33 U.S.C. §§1311(a), 1319(b), 1326(4) and (5), and 1364; 42 U.S.C. §§ 300f(10) and (12), 300g-3(b), and 300i(a).

5.      Guam is an unincorporated territory of the United States created by statute and has the power to sue and be sued.  48 U.S.C. § 1421a; 33 U.S.C. §§1311(a) and 1362(3) and (5). GovGuam is joined as a statutory defendant in this action pursuant to CWA Section 309(e), 33 U.S.C. § 1319(e).

## BACKGROUND

6.      On 12/20/02 the U.S. Attorney on Guam filed a *Complaint for Injunctive Relief and Civil Penalties Under the Clean Water Act and Safe Drinking Water Act* (the "USA Complaint"), in the above-captioned case.   Said suit is brought on behalf of the Administrator of the Environmental Protection Agency (the "Administrator").

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
TONO PLAZA SUITE 105
340-446 VITORES ROAD
TUMON, GUAM 96913
TELEPHONE (671)649-1997/8

-2-

Civil Case No. 02-000335 USA *et al.*, v. Guam Waterworks Authority, *et al.*,
(Proposed) Complaint of T. Davis
for Injunctive Relief and Damages

7. Plaintiff is filing concurrently with this Complaint a *Notice of Motion and Motion to Intervene* in the above-captioned case ("Plaintiff's Motion"), on the basis that the Federal Rules of Civil Procedure Rule 24(a) *Intervention of Right* allows Plaintiff to intervene as a matter of right when a statute of the U.S. confers that right, and that CWA, 33 USC §1365 is such a statute. Plaintiff's Motion is hereby incorporated herein in its entirety.

8. FRCP Rule 24(c) *Procedure* requires that Plaintiff's Motion to Intervene "be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Plaintiff's Complaint is hereby submitted to fulfill that procedural requirement. Since the USA Complaint is directed towards GWA's alleged mismanagement of the island-wide sewage collection/treatment and drinking water distribution systems, while Plaintiff's Complaint focuses only on GWA's alleged failure to operate and maintain one particular sewage pump station, the drafting of Plaintiff's Complaint necessarily relies heavily upon the USA Complaint.

9. Since one of the underlying reasons for the Court to grant intervention is to avoid a multiplicity of suits where common questions of law or fact are involved, Plaintiff's Complaint makes numerous references to the USA Complaint which contains abundant citations to the statutes and regulations, and the facts of Defendants' alleged violations. Plaintiff respectfully submits that the incorporation and adoption by reference of lengthy sections of the USA Complaint is preferable to repeating those passages *verbatim* in Plaintiff's Complaint, even after limiting the citations to the law and facts to those specifically relevant to Plaintiff's situation.

///

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
TORO DIANA SUITE 103
340 SAN VITORES ROAD
TUMON, GUAM 96913
TELEPHONE (671)649-5997/8

Civil Case No. 02-000335 USA *et al.*, v. Guam Waterworks Authority, *et al.*,
(Proposed) Complaint of T. Davis
for Injunctive Relief and Damages

## STATUTORY AND REGULATORY BACKGROUND

10. Plaintiff hereby incorporates and realleges by this reference all of the allegations contained in paragraphs 1 through 9 above, as though fully set forth herein.

11. Plaintiff hereby incorporates and realleges by this reference the statutory and regulatory citations contained in the USA Complaint at 10 through 25, as though fully set forth herein, regarding the Clean Water Act ("CWA"), Title 33 United States Code §1251 - 1387.

12. Plaintiff hereby incorporates and realleges by this reference the statutory and regulatory citations contained in the USA Complaint at paragraphs 26 through 48, as though fully set forth herein, regarding the Safe Drinking Water Act, 42 U.S.C. §§300f - 300j-26 (the "SDWA").

## GENERAL ALLEGATIONS

13. Plaintiff hereby incorporates and realleges by this reference all of the allegations contained in paragraphs 1 through 12 above, as though fully set forth herein.

14. Plaintiff hereby incorporates and realleges by this reference the general allegations contained in the USA Complaint at paragraphs 61 through 64, as though fully set forth herein, regarding GWA's Wastewater Collection and Conveyance Systems.

15. Plaintiff hereby incorporates and realleges by this reference the general allegations contained in the USA Complaint at paragraphs 65 through 69, as though fully set forth herein, regarding the Northern Public Water System and its underground aquifer's vulnerability to contamination by raw sewage spills.

///

ROBERT N. DAVIS
A PROFESSIONAL CORPORATION
TIMO PLAZA SUITE 103
340-848 VIEGUES ROAD
TIMOR, GUAM 96913
TELEPHONE (671)649-1976

-4-

Civil Case No. 02-000335 USA *et al.*, v. Guam Waterworks Authority, *et al.*,
(Proposed) Complaint of T. Davis
for Injunctive Relief and Damages

1

2

## FIRST CLAIM FOR RELIEF
### (Untreated wastewater discharges without permit)

3

4

16.     Plaintiff hereby incorporates and realleges by this reference all of the allegations

5

contained in paragraphs 1 through 15 above, as though fully set forth herein.

6

17.     Plaintiff hereby incorporates and realleges by this reference the general allegations

7

contained in the USA Complaint at paragraph 88, as though fully set forth herein, regarding GWA's

8

unauthorized discharges of raw sewage from sewage pump stations.

9

18.     Said unauthorized discharges apply to Plaintiff's Complaint specifically, since

10

included in GWA's "treatment works" is a certain GWA sewage pump station located on Lot No.

11

3262-1A-1 in Chalan Pago/Ordot near the intersection of Route 10 and Route 4, known as the "Tai

12

Mangilao Pump Station" since it is located close to Tai Road across from Father Duenas School.

13

19.     Plaintiff is the owner of Lot No. 3262-1A-2-R1 Chalan Pago/Ordot, Guam, a

14

commercial-zoned lot consisting of 4,339 square meters, which is adjacent to the Tai Pump Station.

15

From 04/01/1997 to the present, a single-story concrete building on the premises has been leased

16

to McKay's International, Inc., dba: Chalan Pago Montessori School (the "Tenant"), as shown by

17

the Tenant's Affidavit attached hereto as Exhibit "A", including its attachments of (1) the lease

18

agreement, (2) Tenant's listing of overflow dates, and (3) a survey map.

19

20.     GWA's negligent operation of the Tai Pump Station results in routine and numerous

20

discharges of raw untreated sewage which overflows across Plaintiff's property, thereby endangering

21

the health and welfare of Tenant, as shown by the Tenant's Affidavit attached hereto as Exhibit "A".

22

23

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
TOMO PLAZA SUITE 103
540 SAN VITORES ROAD
TUMON, GUAM 96913
TELEPHONE (671) 649-1970/8

-5-

Civil Case No. 02-000335 USA *et al.,* v. Guam Waterworks Authority, *et al.,*
(Proposed) Complaint of T. Davis
for Injunctive Relief and Damages

21.     Said unlawful discharges further, in effect, necessarily have a severely detrimental impact upon the current market resale or rental value of Plaintiff's property, as well as upon the potential development/subdivision value of a commercial lot consisting of more than one acre (4,339 square meters @ 1 acre = 4047 square meters).

22.     GWA's overflow of sewage constitutes a "taking" of Plaintiff's property, since the government's action directly interferes with the owner's use of the property, Brothers v. U.S., C.A.Or., 594 F.2d 740, 741.   Such a taking damages the property, for which the government is required to compensate the owner, Martin v. Port of Seattle, 64 Wash.2d 309, 391 P.2d 540, 543.

23.     On 07/01/1999 Plaintiff served notice of her allegations on Defendant GovGuam, by delivering to the Guam Attorney General's Office her proposed *Claim for Damages for Conversion of Real Property* ("Plaintiff's Claim") against GWA and GovGuam, as shown by Plaintiff's Motion, Exh."2".   Said Claim seeks $600,000 in compensation for the wrongful conversion of Plaintiff's property, resulting from the constructive taking of the premises by regular flooding of raw sewage from GWA's Tai Mangilao Pump Station.

24.     On 01/24/2001 Plaintiff served notice of her allegations on Defendant GWA, by delivering a letter to GWA's legal counsel the Law Offices of Dooley Lannen Roberts & Fowler LLP, as shown by Plaintiff's Motion, Exh."3".   Included with said letter are attachments of (1) Plaintiff's Claim; (2) photographs of overflow events which occurred in 1994, 1998 and 1999; (3) a letter dated 06/20/2000 to then Lt. Governor Bordallo requesting assistance; and (4) a letter from GWA's General Manager dated 09/07/2000 stating his opinion that there would be no further overflows once the new pumps were installed in September 2000.

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
TOKO PLAZA SUITE 105
540 ANA VICCORES ROAD
TAMON, GUAM 96913
TELEPHONE (671)649-1994/5

Civil Case No. 02-000335 USA *et al.*, v. Guam Waterworks Authority, *et al.*,
(Proposed) Complaint of T. Davis
for Injunctive Relief and Damages

25.     GWA's efforts to prevent or divert the overflows included in 01/1999 constructing a cement-block enclosure around the pump station; in 05/1999 installing a diversion pipe under the driveway; and in 09/2000 replacing the old pumps with new submersible-type pumps. These "fixes" were ineffective, as shown by Tenant's Affidavit.

## SECOND CLAIM FOR RELIEF
### (Improper operation & maintenance of facilities)

26.     Plaintiff hereby incorporates and realleges by this reference all of the allegations contained in paragraphs 1 through 25 above, as though fully set forth herein.

27.     Plaintiff hereby incorporates and realleges by this reference the general allegations contained in the USA Complaint at paragraphs 90 through 97, as though fully set forth herein, regarding GWA's failure to comply with standards for the proper operation and maintenance of its treatment works.

28.     GWA's negligent operation of the Tai Pump Station results in routine and numerous discharges of raw untreated sewage which overflows across Intervenor's property, thereby endangering the health and welfare of Tenant, as shown by the Tenant's Affidavit.

29.     Said unlawful discharges further, in effect, have a severely detrimental impact upon the current market value of Plaintiff's property, as well as upon the potential development/subdivision value of a commercial lot consisting of more than one acre (4,339 square meters @ 1 acre = 4047 square meters).

///

///

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
TIANO PLAZA SUITE 103
340-849 VETOERS ROAD
TUMON, GUAM 96913
TELEPHONE (671)649-1992/8

-7-

Civil Case No. 02-000335 USA *et al.*, v. Guam Waterworks Authority, *et al.*,
(Proposed) Complaint of T. Davis
for Injunctive Relief and Damages

## THIRD CLAIM FOR RELIEF
### (Fraud and misrepresentation)

30.     Plaintiff hereby incorporates and realleges by this reference all of the allegations contained in paragraphs 1 through 29 above, as though fully set forth herein.

31.     Plaintiff hereby incorporates and realleges by this reference the specific allegations contained in the USA Complaint at paragraph 92, *to wit*, "GWA reported over 96 million gallons of sewage spills from its wastewater collection and conveyance systems between January 1998 and June 1999. See Attachment C."

32.     In reference to the USA Complaint, Attachment C: *Reported Sewage Overflow Events* for the period November 1999 through November 2002, at Attachment C page 4 GWA allegedly reported one overflow event as follows: "Tai Mangilao Sewage Pump Station Spill - 08/27/02 - 2 hours - 54,000 gals".

33.     In reference to Tenant's Affidavit, Attachment 2, for this same three-year period of November 1999 - November 2002, Tenant as an eye witness to the overflows states that to the best of her record keeping and memory there were nine overflow events.

34.     Plaintiff alleges that GWA intentionally, knowingly and falsely misrepresented a material fact to EPA by deliberately under-reporting the number of overflow events at the Tai Mangilao Pump Station; that GWA intended EPA to rely upon said misrepresentation; that EPA was ignorant of the falsity of the representation; and that EPA's reasonable reliance upon the misrepresentation would result in proximate injury to EPA, i.e., less basis for enforcement actions and the potential collection of civil penalties.

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
TOWO PLAZA SUITE 105
540 AM VITORES ROAD
TUMOR, GUAM 96913
TELEPHONE (671)649-1992/8

-8-

Case 1:02-cv-00035    Document 12    Filed 05/22/2003    Page 18 of 59

Civil Case No. 02-000335 USA *et al.*, v. Guam Waterworks Authority, *et al.*,
(Proposed) Complaint of T. Davis
for Injunctive Relief and Damages

35. Said alleged intentional under-reporting further represents a violation of the reporting requirements of the CWA, as cited in the USA Complaint, ¶84.

## FOURTH CLAIM FOR RELIEF
### (GovGuam's liability)

36. Plaintiff hereby incorporates and realleges by this reference all of the allegations contained in paragraphs 1 through 35 above, as though fully set forth herein.

37. Plaintiff hereby incorporates and realleges by this reference the general allegations contained in the USA Complaint at paragraphs 99 and 100, as though fully set forth herein, regarding Defendant GovGuam's liability for any judgment entered against Defendant GWA, pursuant to the CWA Section 309, 33 U.S.C. §1319(e).

## FIFTH CLAIM FOR RELIEF
### (CWA Section 504 - Imminent and substantial endangerment)

38. Plaintiff hereby incorporates and realleges by this reference all of the allegations contained in paragraphs 1 through 37 above, as though fully set forth herein.

39. Plaintiff hereby incorporates and realleges by this reference the allegations contained in the USA Complaint at paragraphs 101 through 115, as though fully set forth herein, regarding the detrimental health effects of untreated sewage.

40. Plaintiff specifically alleges that the overflows of the Tai Mangilao Pump Station contaminates the aquifer which furnishes drinking water to the people of Guam (USA Complaint ¶110), in violation of CWA Section 504, 33 U.S.C. §1364.

///

///

ROBERT N. DAVIS
A PROFESSIONAL CORPORATION
TIANO PLAZA SUITE 105
340 ANN VICORES ROAD
TUMON, GUAM 96913
TELEPHONE (671)649-1970/8

-9-

Civil Case No. 02-000335 USA *et al.*, v. Guam Waterworks Authority, *et al.*,
(Proposed) Complaint of T. Davis
for Injunctive Relief and Damages

## SIXTH CLAIM FOR RELIEF
### (SDWA Section 1431 - Imminent and substantial endangerment)

41.     Plaintiff hereby incorporates and realleges by this reference all of the allegations contained in paragraphs 1 through 40 above, as though fully set forth herein.

42.     Plaintiff hereby incorporates and realleges by this reference the allegations contained in the USA Complaint at paragraphs 127 through 152, as though fully set forth herein, regarding the detrimental health effects of untreated sewage.

43.     Plaintiff specifically alleges that the overflows of the Tai Mangilao Pump Station contaminates the aquifer which furnishes drinking water to the people of Guam (USA Complaint ¶¶132, 133) creating a significant hazard to public health, in violation of SDWA Section 1424(e), 42 U.S.C. §300h-3(e).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TERRI C. DAVIS respectfully requests that the Court:

1.     Issue a preliminary and permanent injunction that: (i) enjoins GWA, pursuant to CWA Sections 309(b) and 504, 33 U.S.C. §§ 1319(b), 1364, from discharging pollutants except as expressly authorized by the Clean Water Act and its NPDES permits; (ii) orders GWA, pursuant to CWA Sections 309(b) and 504, 33 U.S.C. §§ 1319(b), 1364, to undertake a program to achieve permanent, consistent compliance with all the terms and conditions of the applicable NPDES permits as well as the CWA and the regulations promulgated thereunder; (iii) enjoins GWA pursuant to SDWA Sections 1414(b) and 1431, 42 U.S.C. §§ 300g-3(b), 300i, from violating the Safe Drinking Water Act of the National Primary Drinking Water Regulations; and (iv) orders GWA, pursuant to SDWA Sections 1414(b) and 1431, 42 U.S.C. §§300g-3(b), 300i, to undertake a program

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
TEMO PLAZA SUITE 105
340 SAN VITORES ROAD
TUMON, GUAM 96913
TELEPHONE (671)649-1997/8

-10-

Civil Case No. 02-000335 USA *et al.*, v. Guam Waterworks Authority, *et al.*,
(Proposed) Complaint of T. Davis
for Injunctive Relief and Damages

1

2    to achieve permanent, consistent compliance with the SDWA and the regulations promulgated

3    thereunder;

4          2.     To the extent that GWA does not promptly comply with the requirements of an Order

5    issued pursuant to Paragraph 1, appoint a receiver to ensure and oversee that GWA immediately

6    takes all necessary measures to ensure that: (i) its POTW is fully in compliance with CWA and

7    applicable NPDES permits, and (ii) its public water systems fully comply with the SDWA, including

8    the MCL for total coliforms and the treatment technique for turbidity, and provide potable drinking

9    water to the people of Guam;

10         3.     Order that GovGuam is liable, pursuant to CWA Section 309(e), 33 U.S.C. §1319(e),

11   for payment of any judgment entered against GWA under CWA Section 309 to the extent that the

12   laws of Guam prevent GWA from raising revenues needed to comply with such judgment;

13         4.     Order judgment against GWA and in favor of Plaintiff Davis in the amount of

14   $600,000 for compensatory damages for the loss in value suffered by Plaintiff's Lot No. 3262-1A-2-

15   R1, municipality of Chalan Pago/Ordot, Guam;

16         5.     Or, in the alternative to paragraph 4 above, order GovGuam to transfer to Plaintiff

17   Davis a parcel of public real property, which is equivalent in value and attributes such as zoning and

18   location, in exchange for Plaintiff Davis' lot which has been subjected to a constructive 'taking' by

19   GWA;

20         6.     Or, in the alternative to paragraphs 4 and 5 above, order GWA to remove the

21   nuisance which the Tai Mangilao Pump Station poses to Plaintiff Davis' property by closing the

22   pump station and relocating its function to another part of the sewage treatment/collection system;

23

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
TOTO PLAZA SUITE 105
340-844 VECOSIS ROAD
TUMON, GUAM 96913
TELEPHONE (671)649-1995/8

Civil Case No. 02-000335 USA *et al.*, v. Guam Waterworks Authority, *et al.*,
(Proposed) Complaint of T. Davis
for Injunctive Relief and Damages

7. Order judgment against GWA and in favor of Plaintiff Davis for punitive damages, in an amount deemed sufficient by the Court to deter GWA from committing future acts injuring Plaintiff's real property;

8. Award to Plaintiff Davis her reasonable attorney's fees, costs and other expenses or disbursements incurred in bringing this action; and

9. Grant such other relied as the Court may be deem just and proper.

Respectfully submitted this __21st__ day of May, 2003 at Hagåtña, Guam.

ROBERT N. DAVIS, P.C.,
Attorney for Plaintiff Terri C. Davis

## **VERIFICATION**

GUAM, U.S.A.,     )
                ( ss.:
City of Hagåtña.     )

      I, TERRI C. DAVIS, being duly sworn, depose and say that I am the Plaintiff in the above-entitled action; that I have read the foregoing *Complaint of Terri C. Davis for Injunctive Relief and Damages* and know the contents thereof; and that the same is true of my own knowledge, except as to those matters which are therein stated on information and belief and, as to those matters, I believe them to be true.

TERRI C. DAVIS

SUBSCRIBED AND SWORN TO before me, a notary public in and for Guam, USA, this __21__ day of __MAY__,2003, by TERRI C. DAVIS.

NOTARY PUBLIC

**FRANK G. PETERS**
NOTARY PUBLIC
In and for Guam U.S.A.
My Commission expires: February 9, 2005
415 CHALAN SAN ANTONIO SUITE #101
TAMUNING, GUAM 96911

ROBERT N. DAVIS
PROFESSIONAL CORPORATION
TOTO DATA SUITE 105
340 SAN VITORES ROAD
TUMON, GUAM 96913
TELEPHONE (671)649-1997/8

-12-

# AFFIDAVIT

GUAM, USA          )
                   (ss.:
City of Hagatna    )

I, **MARY F. McKAY**, having first been duly sworn, do hereby state and affirm under penalty of perjury that:

1.      My husband Lee B. McKay and myself are the owners of McKay's International, Inc., a Guam corporation, doing business as the Chalan Pago Montessori School.

2.      From April 1, 1997 to the present the school has been located in a single-story, concrete building located on Lot No. 3262-1A-2-R1 in the municipality of Chalan Pago/Ordot, Guam, which is leased from the owner Terri C. Davis. Attachment (1) to this Affidavit is the current lease agreement.

3.      The school is in session each year from August through May, and closes for the holidays for two weeks for Christmas and New Year, and one week for Easter.

4.      As the headmaster and teacher at the school, I am present at the school every day that the school is open and I have personally witnessed the overflow of raw sewage from the Guam Waterworks Authority's pump station located on Route 10, which is known as the Tai Mangilao Pump Station since it is close to Tai Road.

5.      Since April 1997 the overflows have been so numerous and occur on such a routine basis that it is impossible for me to remember them all. Attachment (2) to this Affidavit is a listing of overflow dates, based on notes that I kept at the time and to the best of my recollection.

6.      The Pump Station is located at a higher elevation than the school, so a typical overflow starts with a power outage or pump breakdown. Raw sewage then fills the small enclosed area around the station, and flows out the station's gate and down the paved driveway to the front door of the school. Another stream leaves the station at the rear corner of the enclosure, flows down a hillside to a collection area behind some earthworks piled up by GWA, then overflows the earthworks and flows across the school's yard and past the front door of the building. Attachment (3) to this Affidavit is a survey map showing the location of both lots.

7.      GWA's typical response to an overflow call from the school is to first get the pumps restarted, then to spread a disinfectant over the ground either from a pump truck or dumped out of 55-gallon drums. Occasionally, I will hear an alarm bell sounding at the pump station, I call GWA and they arrive before the overflow escapes from the pump station.

8.      I attended several meetings over the past six years with the owner, former Lt. Governor Madelaine Bordallo, former Director of GWA Bert Johnson, and former Director of GPA Rick Unpingco. As a result in 05/99 GPA accepted responsibility for maintaining the emergency power

**EXHIBIT "A"**

generator; and GWA:  In 01/1999 constructed an enclosure around the station,
In 05/1999  installed a pipe under the driveway to divert the overflow, and
In 09/2000  replaced the old pumps with new submersible pumps.

9.     None of these remedies has proven to be effective, and the overflows continue to occur regularly.  As a result, I now intend to terminate the lease and vacate the premises at the end of school in May 2003.

10.    I regret having to close the school since if it were not for the pump station it is an ideal location, but I am very concerned that the children placed under my care could become seriously ill from exposure to the raw sewage and I can no longer take that risk.  A neighbor who used to live next to the school had his leg severely swollen and infected from an insect bite, which he told me he believed was due to the overflow pollution.

I declare under penalty of perjury, pursuant to Title 6 Guam Code Annotated §4308, that the foregoing statement is true and correct to the best of my knowledge and belief.

DATED at Tumon, Guam this _19_ day of _May_____, 2003.

_Mary McKay_
MARY F. McKAY
P.O. Box 8486
Tamuning, Guam 96931
W: 671-646-0826

SUBSCRIBED and SWORN to before me, a notary public in and for Guam, USA, on this _19th_ day of _May_____, 2003, by MARY F. McKAY.

_signature_
NOTARY PUBLIC

ROBERT N. DAVIS
NOTARY PUBLIC
In and For Guam, U.S.A.
My Commission Expires: May 24, 2003
P.O. Box 326686 Hagatna, Guam 96932

# LEASE AGREEMENT EXTENSION

This lease agreement extension is made by and between TERRI C. DAVIS, hereinafter referred to as "Lessor", and the MCKAY'S INTERNATIONAL, INC., dba: CHALAN PAGO MONTESSORI CENTER, LEE B. MCKAY and MARY F. MCKAY, hereinafter referred to jointly "Lessee".

## WITNESSETH

1.     TERM:  The parties hereby agree to extend said lease agreement on Lot No. 3262-1A-2-R1, Chalan Pago, Guam, for a period of 12 months commencing July 1, 2002 and terminating June 30, 2003.

2.     RENT:  For the period of this extension, the rent shall be One Thousand Two Hundred Dollars ($1,200.00) per month.  All rent payments shall be paid at Lessor's address, P.O. Box 326686, Hagåtña, Guam, 96932.

3.     REPAIRS:  Lessee agrees to be responsible for all minor repairs to the property, which means those repairs costing $150 or less per item.  Lessee further acknowledges that the GWA sewer line pump station adjacent to the property may have a detrimental impact on the property. Lessee understands and has been involved in meeting with GWA and other agencies to resolve the problems created by the pump station.  GWA has now installed new pumps and all parties expect this to resolve the overflow problems.

4.     LANDSCAPING:  Lessee agrees to be responsible for cutting the grass and maintaining the landscaping in a reasonable manner acceptable to Lessor.

5.     INCORPORATION:  All terms and conditions of the original Lease dated 03/21/97 which have not been modified by this extension remain in full force and effect, and the original lease agreement is incorporated herein in its entirety and verbatim.

IN WITNESS WHEREOF, this lease extension agreement has been executed on this 9th day of May, 2002.

**LESSOR:**                                                        **LESSEE:**

_____  5/9/02                    McKay's International, Inc.,
TERRI C. DAVIS       Date                                  dba: CHALAN PAGO MONTESSORI CENTER

                                                                       Lee McKay
                                                                       Power of Attorney – wife 5/9/02
                                                                       LEE B. MCKAY                    Date

                                                                       Mary McKay                      5/9/02
                                                                       MARY F. MCKAY                   Date

1

## Tai Mangilao Pump Staion Overflows

**1998**
10/05/1998
10/06/1998
10/20/1998

**1999**
02/07/1999
02/12/1999
02/14/1999
02/15/1999
02/16/1999
02/17/1999
02/22/1999
03/30/1999
03/31/1999
05/04/1999
05/13/1999
05/19/1999
05/20/1999
05/21/1999
05/22/1999
05/23/1999
09/03/1999

**2000**
02/16/2000
03/24/2000
04/11/2000
06/10/2000
06/12/2000

**2001**
01/17/2001
08/19/2001

**2002**
06/10/2002
08/27/2002

**2003**
February 2003 (*4 Overflows)
March 2003 (*5 Overflows)
04/07/2003
04/10/2003
04/15/2003
04/21/2003
04/24/2003
04/29/2003

2



LOT 3262-1A-2-R1
A = 46,709± S.F. Comp.
= 4,339± S.M. Comp.
= 46,701± S.F. Rec.
= 4,339± S.M. Rec.

Over flow Pipe

LOT 3260-1-R
MAP DOC. NO. 3899

LOT 3260-1-R

LOT 3262-1A-1
PU40 PUMP STATION
DOC. NO. 239995

School

LOT 3262-1A-2-1G R/W
ROAD WIDENING
DOC. NO. 394616
GOVERNMENT OF GUAM
MAP DOC. NO. 343181

20'x20' ACCESS ESMT.
DOC. NO. 239994

LOT P1
C.T. NO.

LOT 3262-1A-R2
DOC. NO. 458926

LOT 3262-1B-R7
MAP DOC. NO. 343125

100' R W

DOC. NO. 3410?

439.88'

371.68'

3

FND. NO. 5  BAR - NO IDENT., NOW ENCASED IN 4 x 4  CON  
ON SAME  ATION.

4" x 4" CONC. MON. MARKED R.L.S. NO. 65, SET.

FND. STANDARD CENTERLINE HIGHWAY MONUMENT.

IIS MAP HAS BEEN EXAMINED FOR CONFORMANCE WITH THE REQUIREMENTS OF CHAP-
TER 9, TITLE 14, GOV'T CODE OF GUAM AND REGULATIONS THEREUNDER ON THIS 28/5
OF  APRIL  199

_____  
TERRITORIAL SURVEYOR

PROVAL PURSUANT TO TITLE 21, GCA, CHAPTER 62, SUBDIVISION LAW.

N/A

TERRITORIAL PLANNER _____ DATE _____

CERTIFICATE OF SURVEYOR

I, NESTORIO C. IGNACIO, HEREBY CERTIFY THAT THIS
MAP WAS PREPARED BY ME OR UNDER MY DIRECT SUPER-
VISION, THAT IT IS BASED ON A FIELD SURVEY MADE IN
DECEMBER 1992 IN ACCORDANCE WITH ALL APPLICABLE
LAWS AND REGULATIONS. I ALSO CERTIFY THAT ALL THE
MONUMENTS ARE OF THE CHARACTER AND OCCUPY THE
POSITIONS INDICATED ON THIS MAP.

Nestorio C. Ignin          4/8/93
NESTORIO C. IGNACIO  R.L.S. NO. 65       DATE

| REVISION | DESCRIPTION | BY | APPROVED DATE |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

# RETRACEMENT SURVEY MAP
## OF
# LOT 3262-1A-2-R1

MUNICIPALITY OF CHALAN PAGO & ORDOT
(FORMERLY MUNICIPALITY OF SINAJANA)        SEC. 4

| SURVEY DATA | | DATE | BASIC LOT DATA |
|---|---|---|---|
| ID | NCI | 12/92 | BASIC LOT NO. 3262-1A-2 |
| MP. | MI-OR | -0- | CERT. OF TITLE NO. 53423 |
| PUTED | NCI | 12/92 | REGISTERED ON APRIL 4, 1974 |
| DRAWN | MSV | 1/93 | IN THE NAME OF |
| RESEARCHED | NCI | 1/93 | JOSEFA C. CRUZ |
| CHECKED | NCI | 1/93 | |

PREPARED FOR, SATISFACTORY TO AND APPROVED BY:

Maria C. Mesa          4/03/93
MARIA C. MESA              DATE
DOC. NO. 48C841, 48C840, 480349

| SCALE: 1" = 40'-00" | LAND MANAGEMENT | |
|---|---|---|
| SHEET 1 OF 1    DWG. NO. NI-202 | NO. 342 | FY. 93 |

## NESTORIO C. IGNACIO
REGISTERED LAND SURVEYOR NO. 65
P.O. BOX 8626 TAMUNING, GUAM 96911        TEL. NO. 632-6689

12/93
DATE

12-93
DATE

26/93
DATE

26-93
DATE

3-93
DATE



TERRITORY OF GUAM, DEPARTMENT OF LAND MANAGEMENT
OFFICE OF THE RECORDER
INSTRUMENT NUMBER ___488211___

This instrument was filed for record on ___28___
Day of ___April___, 19 93 , at 35 A.M. PM
and duly recorded in Book _____ — at Page _____
_____ , Recording Fee 2- Voucher No. 64456

___Joel aut___
Deputy Recorder

75'± WIDE EXISTING A.C. ROAD PAVEMENT

ROUTE NO. 10    100' R W
C.C. NO. 6-58, DOC. NO. 34107
N 51° 58' 32" E, 439.88'

N 51° 58' 32"
N 51° 58'
N 51° 58'

100' R/W

100' R/W

R/W CENTERLINE

EC = 114 50.61

59.00'

DIAGONAL
24.00
124.00

P.O.B.
N 150,042.83
E 175,593.58

N 37°

EXHIBIT "2"

RECEIVED

JUL 0 1 1999
pab    9:40
ATTORNEY GENERAL'S OFFICE

1 | **GAYLE & TEKER**
A PROFESSIONAL CORPORATION
2 | GAYLE & TEKER BUILDING
330 HERNAN CORTEZ AVENUE
AGAÑA, GUAM 96910
3 | TELEPHONE (671) 477-9891

4

5

6                BEFORE THE ATTORNEY GENERAL

7                  GOVERNMENT OF GUAM

8                      ----------

9 | CLAIM OF TERRI C. DAVIS         )
                              )

10 |          Claimant,          )
                              )

11 |         vs.            )    **CLAIM FOR DAMAGES,**
                              )    **FOR CONVERSION OF REAL**

12 |                               )    **PROPERTY**
                              )

13 | THE GUAM WATERWORKS AUTHORITY and )
THE GOVERNMENT OF GUAM        )

14 |                               )
                              )

15 |         Respondents.       )

16                      ----------

17

   **TO:**    **OFFICE OF THE ATTORNEY GENERAL**, Civil Litigation Division:

18

19            1.      Claimant TERRI C. DAVIS (the "Claimant"), a resident of Guam and citizen

20 of the United States, whose address is in care of the law offices of Gayle & Teker, 330 Hernan Cortes

21 Avenue, Suite 200, Hagatna, Guam 96910, hereby makes the following claim against THE GUAM

22 WATERWORKS AUTHORITY, an autonomous agency of the government of Guam, and THE

23 GOVERNMENT OF GUAM (collectively, the "Government").

   ///

1      2.     Claimant seeks monetary damages from the Government in the amount of Six

2  Hundred Thousand Dollars ($600,000), and payment of all costs of bringing this claim.

3      3.     This claim is based upon the injury to Claimant's real property located at Lot

4  No. 3262-1A-2-R1 Chalan Pago/Ordot, Guam, (the "Property"), zoned commercial, including an area

5  of 4,339 square meters, under the following circumstances:

6      a.  Claimant purchased said property as a vacant lot in May 1993; constructed

7  a three-bedroom single-story concrete residence; and had clearing, grading, filling and other

8  improvements done while planning for further commercial development of the Property;

9      b.  The Government owns and operates a public sewer line pumping station

10  on Route 10 on the Government's Lot No. 3262-1A-1, Chalan Pago/Ordot, Guam, (the "Pump

11  Station"), also known as the Tai Pump Station, adjacent to Claimant's property;

12      c.  As a result of the negligence of the Government and its employees in the

13  management, maintenance and operation of the Pump Station, regular and repeated failures of the

14  operation of the Pump Station have occurred and continue to occur since 1993, said failures

15  permitting raw and untreated sewage to overflow (the "overflow"), on the ground from the

16  Government's Pump Station lot, across Claimant's Property passing by and around the buildings

17  thereon, and into a rainwater runoff gully adjacent to the Property;

18      d.  Resulting in injury to the Property by rendering it valueless to the Claimant,

19  as no other use can be made of the Property other than as the sewage overflow area for the Pump

20  Station, said injury and misconduct of the Government and its employees constituting the tortious

21  deprivation of another's property without justification or authorization; and

22  ///

23

**GAYLE & TEKER**
A PROFESSIONAL CORPORATION
GAYLE & TEKER BUILDING
330 HERNAN CORTEZ AVENUE
AGAÑA, GUAM 96910
TELEPHONE (671) 477-9891

1    e. By said wrongful conversion of the Property the Government has in effect

2    condemned the Property for public use, without honoring its duty to make just compensation to the

3    Claimant for the financial detriment proximately caused by the Government's negligence, as is

4    required by the Fifth Amendment to the Constitution of the United States, as made applicable to the

5    Government by and through the Organic Act of Guam.

6            4.      The amount claimed for damages as of the date of presentation of this claim

7    in Six Hundred Thousand Dollars ($600,000).

8            5.      No part of this amount has been paid to the Claimant by the Government and

9    the Claimant has no insurance covering the damages suffered.

10           6.      There is no contract or other instrument in writing upon which this claim is

11   based, and no third person has any interest in this claim.

12           WHEREFORE, Claimant demands that the Government pay to her the sum of Six

13   Hundred Thousand Dollars ($600,000) plus all costs of bringing this claim.

14           DATED at Hagåtña, Guam, on June 30, 1999.

15                                 GAYLE & TEKER,
                                   A professional corporation,

16

17                     Through,

18                          ROBERT N. DAVIS, Esq.
                            A licensed employee,

19                       Attorneys for Claimant Terri C. Davis.

20

21

22

23

GAYLE & TEKER
A PROFESSIONAL CORPORATION
GAYLE & TEKER BUILDING
330 HERNAN CORTEZ AVENUE
AGAÑA, GUAM 96910
TELEPHONE (671) 477-9891

## VERIFICATION

GUAM, USA

I, TERRI C. DAVIS, being duly sworn, depose and say that I am the Claimant in the above-entitled action; that I have read the foregoing Claim for Damages and know the contents thereof; and that the same is true of my own knowledge, except as to those matters which are therein stated on information and belief and, as to those matters, I believe them to be true.

TERRI C. DAVIS

SUBSCRIBED and SWORN to before me, a notary public in and for Guam, USA, this 18th day of July, 1999.

NOTARY PUBLIC

CECILIA M. SCROGGS
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: October 10, 2001
P. O. Box 20808, G.M.F., Guam 96921-0808

**GAYLE & TEKER**
A PROFESSIONAL CORPORATION
GAYLE & TEKER BUILDING
330 HERNAN CORTEZ AVENUE
AGAÑA, GUAM 96910
TELEPHONE (671) 477-9891

-4-

# EXHIBIT "3"

# LOCAL

Local news editor: Roya Camp, 477-9711 ext. 412
Assistant local news editor: Gaynor Dumat-ol, ext. 414

## LOCAL NEWS

### Power out Monday in Tumon

The Guam Power Authority has scheduled a two-hour power outage in Tumon on Monday. It starts at 8:30 a.m. and ends 10:30 a.m., affecting Sherwood hotel, Gunna Trankilidad, Dai-Ichi hotel, Seahorse restaurant, Tropicana hotel, Pacific hotel, Bamba Street, Bank of Guam, Acanta Mall, Holiday Plaza, Fujita hotel and customers within the area.

The outage is a safety precaution for crews who will be installing power poles, according to a press release from the Power Authority.

### GovGuam workers to pick up trash

Government of Guam employees will pick up trash and plant trees and flowers along Routes 2A, 4, 6 and 8 today as part of Gov. Carl Gutierrez's islandwide beautification project. GovGuam employees will meet at 7:30 a.m. today at three locations: Chamorro Village parking lot, Mangilao Community Center and the Guam Telephone Authority parking lot. The focus of the project, which began May 8, is to bring back a sense of community pride, Gov. Carl Gutierrez said in a press release. For more information on the project, call Brian Culbertson at 475-9300.

### GCC graduation tonight at field house

Guam Community College graduates increased by 54 percent this year compared to 1998, according to a press release from GCC. Eighty-four associate, 42 certificate, 158 adult high school and 267 GED students will graduate. GCC

---

# Sewage pump emergency

## By Jojo Santo Tomas
*Pacific Daily News*

The Governor and the Guam Waterworks Authority yesterday declared a state of emergency to speed up projects to repair eight critically damaged sewage pump stations, officials said yesterday.

Patrick Lujan, spokesman for the water agency, said $2.2 million will be made available next week through the Federal Emergency Management Agency for engineering and construction services.

The pump stations affected are in Tai, Liguan Terrace, Yigo, Mangilao, Barrigada, Chaot, Pago Bay and Agat. Each of the stations, Lujan said, is critically damaged in some way.

"In Tai, for instance, some residents are being backed up [with sewage]," Lujan said. "The others are operating under very fragile conditions."

Lujan said under normal conditions, each pump station houses three working pumps that take turns sharing the workload. But in each of the eight pump stations, only one of the three pumps is in operation.

Lujan said much of the damage was caused during Supertyphoon Paka.

"We've been trying to get this done for quite a while," Lujan said.

Lujan said under emergency conditions, much of the paperwork involved can be eliminated. The water agency also has the option to bypass the bidding process for procurement of services and materials, he said.

"That means we can start in two weeks, as opposed to the end of this summer," he said.

Lujan said one of the pumps is in particularly bad shape, and will cost more than $1 million to repair. The rest of the money will be spread among the remaining seven pumps.

Lujan said many of the damaged systems are old and will be converted to submersible pumps, which are more mechanically efficient and are better suited to withstand natural disasters and power outages.

Lujan said 19 pumps were identified for federal assistance, but say for the eight critically damaged stations. He said the utility is still working on getting federal emergency funding for the remaining 11 pump stations. Guam has more than 60 pump stations, he said.

---

## Mannequin set to dive into display



---

## Senators propose money for runoff

### By Brad Wong
*Pacific Daily News*

With the possibility of a gubernatorial runoff looming, island lawmakers said yesterday that they want the Guam Election Commission to have money to hold the race.

During yesterday's session, Sen. Mark Forbes, R-Sinajana, lobbied for passage of Bill 202, which would appropriate $195,000 to the commission to print ballots for a possible runoff between Democratic Gov. Carl Gutierrez and Republican former Gov. Joseph Ada.

### WHAT'S NEXT

▲ Senators will resume their session at 10 a.m. Monday and are likely to vote on several bills. The Legislature is at 155 Hesler St. in Hagåtña. For more information, call Speaker Antonio Unpingco's office at 472-3455.

ed attorney general legislation. "They attempt to engage the public in the process of being responsible."

# EXHIBIT "4"

# ROBERT N. DAVIS, P.C.

### ATTORNEY AT LAW
ADA PLAZA CENTER, STE.202A
173 ASPINALL AVENUE
HAGATNA GUAM 96910

P. O. BOX 326686
HAGATNA, GUAM 96932

TELEPHONE: (671) 472-1998/9
FACSIMILE: (671) 472-9571

**RECEIVED**

JAN 2 4 2001

TIME: _10:57 m_

DOOLEY LANNEN
ROBERTS & FOWLER LLP.

January 23, 2001

Dooley Lannen Roberts & Fowler          VIA: HAND DELIVERY
David W. Dooley, Esq.
Suite 201 Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96911

RE: CLAIM FOR DAMAGES AGAINST THE GUAM WATERWORKS AUTHORITY

Dear Mr. Dooley,

Please find attached a claim for damages which I filed on July 1, 1999 with the Attorney General's Office when I was an associate attorney at the law firm of Gayle & Teker. Since that date the problem of raw sewage overflowing from the Guam Waterworks Authority's sewage pump station on Route 10 in Chalan Pago, known to GWA as the "Tai" pump station, has continued unabated. Pictures of past overflows are attached.

The complainant Terri C. Davis has owned Lot No. 3262-1A-2-R1 adjacent to this pump station since May 1993. Two buildings have been constructed on the property, which is one acre in size. Mrs. Davis has worked closely with Lt. Governor Madeleine Bordallo's office, trying all possible avenues of relief through GWA. The Lt. Governor has held several meetings with GWA, GPA, the owner, and the Chalan Pago Montessori School which one of the tenants on the property. Madame Bordallo is a supporter of the school's program, and she is especially concerned that the school may be forced out of business.

At the request of the owner and with the support of the Lt. Governor, GWA constructed a cement block wall enclosure around the pump house, to direct the overflows into a large drainage pipe at one corner. The drainage pipe goes underneath a paved driveway, down a hill and abruptly ends in front of the residence located beside the school. My attached letter of June 20, 2000 describes the layout. These measures to control the overflows were intended to be a temporary fix to protect the school from direct flooding, until new submersible pumps were installed in September 2000 to cure the problem. GWA's General Manager Bert Johnson, in the attached letter dated September 7, 2000, assures everyone that the new pumps have solved the problem and there will be no further overflows. On January 17, 2001 he was proven to be wrong when the latest overflow occurred.

As with each of the previous dozens of events, raw sewage pours from the pump station, flowing downhill and past the front door of the school, which is located in a single-story, concrete building. The sewage then flows around and under the next structure on the property, a wood and tin house elevated several feet off the ground which is the residence of Roy Ngiraked, his wife and children.

The purpose of this correspondence is to request that your office confirm this situation with Mr. Johnson, Board Chairman Dan Swavely and the Lt. Governor. The complainant property owner requests that GWA propose a settlement, which will relieve the owner from constantly being victimized by these sewage overflows. One solution would be for this commercially-zoned, one acre lot be condemned and purchased by GWA, so that the agency can continue to utilize the property as an above-ground leaching field for public sewage without further complaint. As an alternative to condemnation, the government could offer to exchange the property for an equivalent lot. Other alternatives include closing the pump station if a system redesign makes it unnecessary, or relocating the pump station it to a site where the overflows would be less harmful.

I am addressing this correspondence to your attention, since I am informed by GWA that you are counsel to the authority. I failed to realize that at the time the Public Utility Agency of Guam reconfigured itself to the Guam Waterworks Authority, that it also became an autonomous agency as opposed to a government line agency. My claim filed with the Attorney General was therefore misdirected to the government's counsel, rather than the agency's legal representative. I had also hoped that the situation had been resolved in September 2000 when the old shaft-driven pumps were replaced by new submersible ones, an engineering fix referred to by GWA as "site hardening". The recurrence of the overflows on January 17, 2001 shows that there is no engineering solution, and I therefore now propose to negotiate a settlement as described above.

I request that you provide me GWA's position on this situation as soon as possible. I am preparing a more comprehensive lawsuit on behalf of the property owner, and the school and family tenants. The suit will allege that all of the damages of loss of property value, loss of business income and opportunity, and severe health risks to the resident family arise from the same tort, which is GWA's negligent operation of this public sewage facility. However, the parties will first comply with whatever prelitigation settlement procedures that GWA requires. I request that you advise me of your recommendations on how to proceed in this matter. Thank you.

Sincerely,

Attachments: (1) Claim filed 07/01/99
(2) Photographs of overflows
(3) Davis letter to Lt. Gov. Bordallo 07/20/00
(4) GWA letter 09/07/00

RECEIVED

JUL 0 1 1999
pcub    9:40
ATTORNEY GENERAL'S OFFICE

1 | **GAYLE & TEKER**
A PROFESSIONAL CORPORATION
2 | GAYLE & TEKER BUILDING
330 HERNAN CORTEZ AVENUE
AGAÑA, GUAM  96910
3 | TELEPHONE (671) 477-9891

4

5

6                    BEFORE THE ATTORNEY GENERAL

7                        GOVERNMENT OF GUAM

8                            ----------

9   CLAIM OF TERRI C. DAVIS              )
                                        )
10                  Claimant,            )
                                        )
11        vs.                           )    **CLAIM FOR DAMAGES,**
                                        )    **FOR CONVERSION OF REAL**
12                                      )    **PROPERTY**
                                        )
13  THE GUAM WATERWORKS AUTHORITY and   )
    THE GOVERNMENT OF GUAM              )
14                                      )
                                        )
15                  Respondents.        )

16                            ----------

17
    **TO:    OFFICE OF THE ATTORNEY GENERAL**, Civil Litigation Division:
18

19           1.    Claimant TERRI C. DAVIS (the "Claimant"), a resident of Guam and citizen

20  of the United States, whose address is in care of the law offices of Gayle & Teker, 330 Hernan Cortes

21  Avenue, Suite 200, Hagatna, Guam 96910, hereby makes the following claim against THE GUAM

22  WATERWORKS AUTHORITY, an autonomous agency of the government of Guam, and THE

23  GOVERNMENT OF GUAM (collectively, the "Government").

    ///

1          2.      Claimant seeks monetary damages from the Government in the amount of Six

2  Hundred Thousand Dollars ($600,000), and payment of all costs of bringing this claim.

3          3.      This claim is based upon the injury to Claimant's real property located at Lot

4  No. 3262-1A-2-R1 Chalan Pago/Ordot, Guam, (the "Property"), zoned commercial, including an area

5  of 4,339 square meters, under the following circumstances:

6          a.  Claimant purchased said property as a vacant lot in May 1993; constructed

7  a three-bedroom single-story concrete residence; and had clearing, grading, filling and other

8  improvements done while planning for further commercial development of the Property;

9          b.  The Government owns and operates a public sewer line pumping station

10  on Route 10 on the Government's Lot No. 3262-1A-1, Chalan Pago/Ordot, Guam, (the "Pump

11  Station"), also known as the Tai Pump Station, adjacent to Claimant's property;

12          c.  As a result of the negligence of the Government and its employees in the

13  management, maintenance and operation of the Pump Station, regular and repeated failures of the

14  operation of the Pump Station have occurred and continue to occur since 1993, said failures

15  permitting raw and untreated sewage to overflow (the "overflow"), on the ground from the

16  Government's Pump Station lot, across Claimant's Property passing by and around the buildings

17  thereon, and into a rainwater runoff gully adjacent to the Property;

18          d.  Resulting in injury to the Property by rendering it valueless to the Claimant,

19  as no other use can be made of the Property other than as the sewage overflow area for the Pump

20  Station, said injury and misconduct of the Government and its employees constituting the tortious

21  deprivation of another's property without justification or authorization; and

22  ///

23

**GAYLE & TEKER**
A PROFESSIONAL CORPORATION
GAYLE & TEKER BUILDING
330 HERNAN CORTEZ AVENUE
AGAÑA, GUAM 96910
TELEPHONE (671) 477-9891

e. By said wrongful conversion of the Property the Government has in effect condemned the Property for public use, without honoring its duty to make just compensation to the Claimant for the financial detriment proximately caused by the Government's negligence, as is required by the Fifth Amendment to the Constitution of the United States, as made applicable to the Government by and through the Organic Act of Guam.

4. The amount claimed for damages as of the date of presentation of this claim in Six Hundred Thousand Dollars ($600,000).

5. No part of this amount has been paid to the Claimant by the Government and the Claimant has no insurance covering the damages suffered.

6. There is no contract or other instrument in writing upon which this claim is based, and no third person has any interest in this claim.

WHEREFORE, Claimant demands that the Government pay to her the sum of Six Hundred Thousand Dollars ($600,000) plus all costs of bringing this claim.

DATED at Hagåtña, Guam, on June 30, 1999.

GAYLE & TEKER,
A professional corporation,

Through,

ROBERT N. DAVIS, Esq.
A licensed employee,
Attorneys for Claimant Terri C. Davis.

GAYLE & TEKER
A PROFESSIONAL CORPORATION
GAYLE & TEKER BUILDING
330 HERNAN CORTEZ AVENUE
AGAÑA, GUAM 96910
TELEPHONE (671) 477-9891

-3-

## VERIFICATION

GUAM, USA

    I, TERRI C. DAVIS, being duly sworn, depose and say that I am the Claimant in the above-entitled action; that I have read the foregoing Claim for Damages and know the contents thereof; and that the same is true of my own knowledge, except as to those matters which are therein stated on information and belief and, as to those matters, I believe them to be true.

                                     _____
                                     TERRI C. DAVIS

SUBSCRIBED and SWORN to before me, a notary public in and for Guam, USA, this ___ day of July, 1999.

                                     NOTARY PUBLIC

                           CECILIA M. SCROGGS
                           NOTARY PUBLIC
                           In and for Guam, U.S.A.
                         My Commission Expires: October 10, 2001
                         P. O. Box 20805, G.M.F., Guam 96921-0805

GAYLE & TEKER
A PROFESSIONAL CORPORATION
GAYLE & TEKER BUILDING
330 HERNAN CORTEZ AVENUE
AGAÑA, GUAM 96910
TELEPHONE (671) 477-8891





**1994**


























**1998**














10-2-08



5/19/99

School Close 5/20/99 - 5/21/99





*1999*



















**ROBERT N. DAVIS, P.C.**
ATTORNEY AT LAW
P.O. BOX 326686
HAGATÑA, GUAM 96932
#202A Ada Plaza Center, 173 Aspinall Ave., Hagatña, Guam 96910
Tel: (671) 472-1998/9 Fax: (671) 472-9571
e-mail: bob_davis49@yahoo.com

June 20, 2000

Lt. Governor Bordallo
Adelup, Guam

**VIA FAX: 477-6425**

RE: REQUEST FOR ASSISTANCE:
SEWAGE OVERFLOW AT ROUTE 10 "TAI" PUMPSTATION, CHALAN PAGO

Dear Madam Bordallo,

The latest overflow the weekend of June 10th again raises an issue which has not been resolved by GWA, which would help alleviate some of problems caused by the overflow. In May 1999 GWA installed a sewer pipe designed to catch the overflow at the point it exits the wall enclosing the pumpstation, and to take it underneath the driveway to discharge away from the school. This has worked to help the school, but the pipe has never been extended to discharge the waste *past the other single-family wood house on the property* (see attached map).

The pipe ends as soon as it passes underneath the driveway, and raw sewage discharged there floods the ground in front of the house. The flow then passes under and around the house to a deep natural ravine behind the house. There is no reason for the family living there to be subjected to this flooding caused by GWA's pipe ending in their front yard. The solution is simply to extend and bury the pipe about another 150 feet, from where it now ends to the ravine so that the discharge is away from any human habitation.

Although Bert Johnson at one time agreed to extend this pipe, it has never been done. He apparently believes it is not necessary if the new pumps ever get installed. It is my opinion that regardless of the status of the pump station, this overflow pipe should be functional to take any future overflows away from both buildings on this property. A day's work digging a trench and adding on some pipe seems a minimal expense to solve this problem. I appreciate any assistance that your office can provide on this matter. Thank you.

Sincerely,

[signature]

cc: GWA Board Chairman D. Swavely — Fax: 649-6218
GWA B. Johnson — 479-7879 ✓





# GUAM WATERWORKS AUTHORITY
## Government of Guam
### Post Office Box 3010, Agana, Guam 96932
### Phone: (671)479-7823 Fax: (671)479-7879

September 7, 2000

Robert N. Davis
P.O. Box 326686
Hagatna, Guam 96932
Fax: 472-9571

Dear Mr. Davis:

This is in response to your facsimile, dated September 5, 2000, to Dan Swavely regarding the Guam Waterworks Authority's Tai pump station.

As you can see, the renovation of the pump station has already begun. The wall and diversion were designed to be temporary in nature, primarily to mitigate sewage spills during pump failures that would be expected until the pump station renovated. Once the renovation is completed, the need for the diversion pipe should be completely eliminated. As I explained to Mr. Swavely there should be no need for GWA to extend the diversion pipe beyond its present length, as I do not expect GWA to ever use the diversion pipe again.

Should you have any question, you may reach me directly at 479-7676.

Sincerely,

HERBERT J. JOHNSTON, JR.
General Manager

cc:   Lt. Governor Bordallo          Fax: 477-6425
      Dan Swavely                    Fax: 649-6218

# DOOLEY LANNEN ROBERTS & FOWLER LLP
## ATTORNEYS AT LAW



DAVID W. DOOLEY
THOMAS J. LANNEN
THOMAS L. ROBERTS
KEVIN J. FOWLER
JON A. VISOSKY
KIM R. WALMSLEY

SUITE 201, ORLEAN PACIFIC PLAZA
865 SOUTH MARINE DRIVE
TAMUNING, GUAM 96911
TELEPHONE: (671) 646-1222
FACSIMILE: (671) 646-1223

Of Counsel:
Melinda C. Swavely

Writer's Direct E-mail:
Fowler@GuamLawOffice.com

January 30, 2001

<u>VIA FACSIMILE</u>

Robert N. Davis, Esq.
Ada Plaza Center, Suite 202A
173 Aspinall Avenue
Hagåtña, Guam 96910
Facsimile No. 472-9571

**Re:    Claim of Terri C. Davis/Lot No. 3262-1A-2-R1, Chalan Pago**

Dear Mr. Davis:

Thank you for your letter dated January 23, 2001. We have forwarded your letter to GWA to seek confirmation of the January, 2001 sewage overflow, the reasons for any overflow and plans for remedying the situation. I hope that we will be able to respond to your concerns soon.

Sincerely,

DOOLEY LANNEN ROBERTS & FOWLER LLP

**Kevin J. Fowler**

KJF:lml  F#G-142.43  D#GWA-Davis 04