ROBERT N. DAVIS
A PROFESSIONAL CORPORATION
YPAO PLAZA, SUITE 103
340 SAN VITORES ROAD
TUMON, GUAM 96913
TELEPHONE (671) 649-1997/8
FACSIMILE (671) 649-1995

Attorney for Intervenor
Terri C. Davis

FILED
DISTRICT COURT OF GUAM
JUN 03 2003
MARY L. M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 02-00035 |
| Plaintiff, | |
| and TERRI C. DAVIS, | **DECLARATION OF APPLICANT FOR INTERVENTION'S POSITION RE: STIPULATED ORDER FOR PRELIMINARY RELIEF** |
| Applicant for Intervention) | |
| vs. | |
| GUAM WATERWORKS AUTHORITY and the GOVERNMENT OF GUAM, | |
| Defendants. | |

I, ROBERT N. DAVIS, P.C., attorney for the Applicant for Intervention Terri C. Davis (the "Intervenor"), hereby declare and state that:

1. On December 20, 2002 the Plaintiff United States of America filed its *Complaint for Injunctive Relief and Civil Penalties under the Clean Water Act and Safe Drinking Water Act* in the above-captioned case.

2. I am informed and believe that on or about May 21, 2003 the parties named in said Complaint, submitted to the Court their *Stipulated Order for Preliminary Relief*.

3. On May 22, 2003 on behalf of the Intervenor, I filed a *Notice of Motion and Motion to Intervene* in the above-captioned case. A hearing on said Motion was tentatively set by

the Clerk of Court to be heard on June 13, 2003.

4. On May 29, 2003 on behalf of the counsels of record in this case, I filed an *Agreement of Hearing Date* resetting the date for hearing Intervenor's Motion to June 20, 2003.

5. I have discussed with Assistant U.S. Attorney Mikel Schwab, and Department of Justice Attorney Robert Mullaney, their concerns regarding a potentially significant delay if the Court suspends its entry of the Stipulated Order, pending a resolution of Intervenor's Motion.

6. I have reviewed the Stipulated Order, and the purpose of the within Declaration is to inform the Court of Intervenor's position regarding the pending entry by the Court of said Order, *to wit*, that Intervenor does not oppose the prompt execution of said Order, for the following reasons:

(a). The Complaint was brought as stated in its Introduction ¶1:

"to address <u>the imminent and substantial endangerment to the health and welfare of persons</u> presented by: (1) the numerous and repeated discharges of untreated and inadequately treated wastewater from GWA's treatment works, resulting in elevated levels of fecal coliform bacteria in both surface waters and drinking water wells on Guam; and (2) serious deficiencies in GWA's public water systems, <u>causing contaminated water to be served to the public</u>." (Underlining added.)

(b). The Order contains about 40 pages of details, which constitutes a master plan which GWA must follow to rebuild, restructure, refinance and and restaff its island-wide public drinking water and waste collection systems. All of the phases of the project to revamp Guam's water systems key on the Court's entry of the Order as the starting point; including periods of:
- 10 days for GWA to appoint a Compliance Monitor ¶1 and for the CCU to advertise the position of General Manager ¶3;
- 30 days for GWA to submit to EPA a draft scope of work to prepare a Master Plan ¶10;
- 90 days for GWA to submit to EPA a draft reorganization plan of GWA ¶9,
- 180 days for GWA to certify its DRC Operators ¶8 and to report its maintenance tools and equipment needs ¶16;
- 540 days for GWA to submit an Emergency Response Plan ¶19;
- 730 days for GWA to supply standby power generators ¶17.

**ROBERT N. DAVIS**
A PROFESSIONAL CORPORATION
YPAO PLAZA SUITE 103
340 SAN VITORES ROAD
TUMON, GUAM 96913
TELEPHONE (671) 649-1197/8

(c). Intervenor shares in EPA's concern that the threat to public health is imminent and substantial, and that any unnecessary delay to the start of the recovery plan, as it is described in the Order, should be avoided.

(d). Intervenor notes that the Order does not "...limit the rights of third parties who are not parties to this Stipulated Order for Preliminary Relief."

(e). Intervenor believes that the island-wide scope of the Complaint is a macrocosm of the condition of GWA's systems which seeks a long-term restructuring remedy; while Intervenor's Proposed Complaint submitted with its Motion is a microcosm of the same situation, which alleges GWA's mismanagement of one certain wastewater pumpstation and which seeks more immediate compensation for injuries allegedly caused to Intervenor.

THEREFORE, for the reasons given above, Intervenor respectfully requests that the Court consider entering the Stipulated Order so that the myriad of interconnected steps required to revamp Guam's water systems can begin as soon as possible. Intervenor believes that executing the Order, while allowing the Motion to Intervene to proceed to its own resolution, do not conflict with each other and that by proceeding in such a manner the best interests of the people of Guam will be served, while at the same time the interests of the Intervenor in having her Proposed Complaint heard in Court will not be diminished.

I declare under penalty of perjury, pursuant to Title 6 G.C.A. §4308, that the foregoing is true and correct to the best of my knowledge and belief.

DATED: 06/03/2003

_____
ROBERT N. DAVIS, P.C.
Attorney for Applicant for Intervention
TERRI C. DAVIS

ROBERT N. DAVIS
A PROFESSIONAL CORPORATION
YPAO PLAZA SUITE 103
340 SAN VITORES ROAD
TUMON, GUAM 96913
TELEPHONE (671) 649-1197/8