DOOLEY LANNEN ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone: (671) 646-1222
Facsimile: (671) 646-1223

Attorneys for Defendant
Guam Waterworks Authority

FILED
DISTRICT COURT OF GUAM
JUN 0 6 2003
MARY L. M. MORAN
CLERK OF COURT

17

UNITED STATES DISTRICT COURT

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL CASE NO. 02-00035 |
| ) | |
| Plaintiff, ) | |
| ) | |
| and TERRI C. DAVIS, ) | |
| ) | **MEMORANDUM IN OPPOSITION** |
| Applicant for Intervention, ) | **TO MOTION TO INTERVENE** |
| ) | |
| vs. ) | |
| ) | |
| GUAM WATERWORKS AUTHORITY ) | |
| and the GOVERNMENT OF GUAM, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Defendant, Guam Waterworks Authority ("GWA") hereby files its memorandum in opposition to the motion of Terri C. Davis ("Davis") to intervene in the above-captioned matter.

### INTRODUCTION

On May 22, 2003, Davis filed her application to intervene in the above-captioned matter in order to assert claims for injunctive relief and damages against GWA. Davis premises her right of intervention under the Clean Water Act ("CWA"), 33 USCS §§ 1251 – 1387 and under Rule 24 of the Federal Rules of Civil Procedure.

Davis' proposed Complaint tracks and incorporates by reference much of the Complaint of the United States, at least with respect to those allegations relevant to the Tai Mangilao pump station situated adjacent to the property in which Davis alleges an interest. Her prayer for relief also tracks that of the United States except that Davis seeks $600,000.00 in damages for loss of value to her alleged property or, alternatively, a real property exchange with the government of Guam or closure of the Tai Mangilao pump station and, in addition, punitive damages.

For the reasons discussed below, this Court should deny Davis' application.

## I. DAVIS LACKS STANDING.

This Court should deny Davis' motion because it does not appear that she owns the property with respect to which she premises her alleged right of intervention under the CWA. Davis sold the subject property in 1993 to Ling's Corporation. See, Exhibit "A." To the best of GWA's information and belief, Ling's Corporation still owns the subject property. See, Declaration of Kevin J. Fowler, Exhibit A. A "Citizen" allowed intervention under the CWA is a person having an interest that is or may be adversely affected. See, 33 U.S.C.S. §1365(g). Because Davis does not own the property she alleges to be affected by this action, she has no standing and is entitled to no relief herein.

## II. DAVIS IS NOT ENTITLED TO RECOVER DAMAGES.

By way of her proposed Complaint, Davis seeks to recover general damages of $600,000.00 for loss of value to her property or, alternatively, a real property exchange with the government of Guam or closure of the Tai Mangilao pump station and, in addition, punitive damages. However, none of those remedies are available to one intervening under 33 USCS §1365. Private suits under 33 USCS §1365 may result in injunctive relief, but not the recovery of damages in favor of a private

2

plaintiff. See, Walls v. Waste Resource Corp., 761 F.2d 311 (6th Cir. 1985). As stated by the court in Philadelphia v. Stepan Chemical Co., 544 F.Supp. 1135 (E.D. Pa. 1982):

> "Section 505 evidences a congressional intent to carefully channel public participation in the enforcement of the Act." *City of Evansville v. Kentucky Liquid Recycling, Inc.*, 604 F.2d 1008, 1015 (7th Cir. 1979) (footnote omitted), *cert. denied*, 444 U.S. 1025, 100 S. Ct. 689, 62 L. Ed. 2d 659 (1980). An examination of the language of this provision, as well as its legislative history, demonstrates conclusively that its sole purpose is to provide private parties with a mechanism to compel enforcement of effluent standards promulgated pursuant to the act. (footnote omitted) It does not authorize a private right of action for the recovery of damages. Under section 505(a), a party may bring an action against any person who is alleged to be in violation of an effluent standard or limitation or an order issued by the EPA or a state with respect to an effluent standard or limitation. In addition, he may sue the administrator of the EPA to compel the performance of "any act or duty under this chapter which is not discretionary ...." The district court's jurisdiction to entertain such an action is limited to enforcing the effluent standard or limitation, ordering the administrator to perform a nondiscretionary act, and imposing civil penalties under 33 U.S.C. § 1319(d). (footnote omitted) Thus, the relief authorized by this section is purely prospective. Nowhere does it authorize a private party to recover damages for violations of the act.

Philadelphia v. Stepan Chemical Co., 544 F.Supp. 1135, 1145-46. Accordingly, Davis is not entitled to obtain an award of damages by virtue of her statutory intervention into this CWA case filed by the United States.

### III. DAVIS IS NOT ENTITLED TO THE ASSESSMENT OF CIVIL PENALTIES OR TO SEEK RELIEF FOR IMMINENT AND SUBSTANTIAL ENDANGERMENT.

Although Davis does not appear to have prayed for the imposition of civil penalties under the CWA, she has incorporated by reference Paragraph 97 of the United States' Complaint that alleges GWA's liability for civil penalties. See, Davis May 22, 2003 Motion to Intervene, Exhibit 1, ¶27. However, even if Davis seeks the imposition of civil penalties under the CWA, they are not

available to a citizen intervenor under 33 U.S.C.S. §1319 governing the imposition of civil penalties.

33 U.S.C.S. §1319(g)(6)(A) provides in relevant part as follows:

> (6) Effect of Order.
>
> (A) Limitation on actions under other sections. Action taken by the Administrator ... shall not affect or limit the Administrator's ... authority to enforce any provision of this Act; except that any violation –
>
> (i) with respect to which the Administrator ... has commenced and is diligently prosecuting an action under this subsection, ... shall not be the subject of a civil penalty action under subsection (d) of this section or section 311(b) or section 505 of this Act.

Section 505 of the CWA is the citizen suit provision under which Davis seeks intervention herein. See, 33 USCS §1365. Because the United States is diligently prosecuting this action, Davis would not be entitled to seek civil penalties under the citizen suit or intervention provisions of the CWA. Accordingly, based on the provisions of the CWA itself, Davis is not entitled to seek civil penalties in this action.

Davis also purports to seek relief for imminent and substantial endangerment under §504 of the CWA and §1431 of the Safe Drinking Water Act ("SDWA"). See, Davis May 22, 2003 Motion to Intervene, Exhibit 1, ¶¶ 38-43. However, those sections vest the Administrator of the EPA with discretion in alleviating conditions arising in emergency circumstances. They do not exist to be implemented at the whim of a citizen. As stated in United States v. Hooker Chemicals & Plastics Corporation, 749 F.2d 968, 979 (2nd Cir. 1984):

> Our analysis of the language, structure and legislative histories of these acts leads us to agree with Chief Judge Curtin that neither the CWA nor the SDWA nor the RCRA affords NEA a statutory right to

4

intervene in a government initiated action under the emergency powers provisions of those acts.

See, also, United States v. Stringfellow, 39 Fed. R. Serv. 2d 439 (C.D. Cal. 1984). Accordingly, Davis is not entitled to pursue claims for relief based on imminent and substantial endangerment.

### IV. DAVIS' REMAINING CLAIMS HAVE BEEN SETTLED BY THE UNITED STATES AND SHE HAS DECLARED THAT SHE HAS NO OBJECTION TO THAT SETTLEMENT.

The only remaining claims Davis seeks to assert herein by way of her proposed Complaint have already been asserted by the United States and resolved through the Stipulated Order for Preliminary Relief ("Order") executed by and filed with this Court on June 5, 2003. The Order details the parties' comprehensive plan for bringing Guam's drinking water and wastewater systems into compliance with federal law and regulations. Davis has filed a declaration herein that she does not oppose the entry of that Order. See, June 3, 2003, Declaration of Applicant For Intervention's Position Re: Stipulated Order For Preliminary Relief.

As stated by the United States Supreme Court in Gwaltney of Smithfield, Ltd., v. Chesapeake Bay Foundation, Inc., 484 U.S. 49, 60, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987), "The bar on citizen suits when governmental enforcement action is under way suggests that the citizen suit is meant to supplement rather than to supplant governmental action". The remaining claims in Davis' proposed Complaint do not allege anything supplemental to the United States' claims and, given that she has declared no opposition to the Order, it is clear she does not seek relief supplemental to that already obtained by the United States.

A citizen intervenor under the CWA is given only a limited role when the United States has reached a settlement of CWA claims. In United States v. District of Columbia, 933 F.Supp. 42 (D.C. D.C. 1996), the United States filed suit to remedy violations of the CWA with respect to the

District of Columbia's wastewater system. Although allowed to intervene, the court held that the State of Virginia had no right to block the terms of the settlement reached to remedy the violations charged by the United States.

> Because the commencement of an enforcement action under the CWA is largely discretionary, settling that action is also within the EPA's discretion. City of Green Forest, 921 F.2d at 1402. In Green Forest the court went on to note that "the CWA 'was not intended to enable citizens to commandeer the federal enforcement machinery.'" Id. Under the CWA any affected citizen is permitted to intervene in a government action as a matter of right, see 33 U.S.C. § 1365(b)(1)(B), however, "if such a citizen were allowed to block entry of a consent decree merely by objecting to its terms it would wreak havoc upon government enforcement actions." United States v. Ketchikan Pulp Co., 430 F. Supp. 83, 85 (D. Ala. 1977). Moreover, "it is well settled that 'the right to have its objections heard does not, of course, give the intervenor the right to block any settlement to which it objects.'" Hooker Chemicals and Plastics Corporation, 540 F. Supp. at 1083 (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S. Ct. 1127, 1131-32, 71 L. Ed. 2d 234 (1982), (quoting Air Line Stewards and Stewardesses Ass'n v. Trans World Airlines, 630 F.2d 1164, 1169 (7th Cir. 1980))).

United States v. District of Columbia, 933 F.Supp. 42, 47-48. Although allowing the State of Virginia's objections to be heard in a limited manner, the court nonetheless upheld the settlement, finding that "the terms of the Agreement contribute to the restoration and maintenance of the chemical, physical, and biological integrity of the nation's water." Id., at p. 52.

Since Davis has already declared she has no objection to the parties' Order, there is nothing she may accomplish through intervention in these proceedings. As explained by the court in United States v. Ketchikan Pulp Co., 430 F. Supp. 83, 85 (D. Ala. 1977), "once intervenors have been given the opportunity to object to the decree they have had an appropriate day in court and a judgment on consent may be entered."

6

## CONCLUSION

The Court should deny Davis' motion to intervene because she does not own the property allegedly affected by these proceedings. In addition, she is not entitled to recover on her claims for damages, for civil penalties or for imminent and substantial endangerment. Finally, the only remaining claims asserted in her proposed Complaint have been resolved by the Order to which she has no objection.

Based on the foregoing, GWA respectfully requests that this Court deny Davis' motion to intervene in the above-captioned matter.

Dated this 6th day of June, 2003.

DOOLEY LANNEN ROBERTS & FOWLER LLP

By: _____
KEVIN J. FOWLER
Attorneys for Defendant
Guam Waterworks Authority

CERTIFIED TRUE COPY
JOSEPH C. SANTOS - Acting Civil Registrar - 5/23/03
DEPARTMENT OF LAND MANAGEMENT
DEPUTY CIVIL REGISTRAR

| | |
|---|---|
| RECORDATION ) | TERRITORY OF GUAM, DEPARTMENT OF LAND MANAGEMENT |
| DEPARTMENT ) | OFFICE OF THE RECORDER |
| OF ) | INSTRUMENT NUMBER 489443 |
| LAND ) | This instrument was filed for record on 25 |
| MANAGEMENT ) | Day of MAY, 19 93, at 8:15 A.M. |
| ) | and duly recorded in Book _____, Recording Fee 11-, at Page ____ Voucher No. 604931 |
| ) | Deputy Recorder |

## WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS:

TERRI C. DAVIS, whose mailing address is P.O. Box 20988, GMF, Guam 96921, hereinafter referred to as GRANTOR, in and for the consideration of the sum of TEN DOLLARS ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, does hereby give, grant, warrant, bargain, sell, convey and transfer to LING'S CORPORATION, whose mailing address is P.O. Box 52, Saipan, M.P. 96950, hereinafter referred to as GRANTEE, and unto the successors, heirs, and assigns of the GRANTEE, forever, all of that land located in the Territory of Guam, described as follows:

> Lot Number 3262-1A-2-R1, Municipality of Chalan Pago/Ordot, (Formerly of Sinajana), Territory of Guam, Estate No. 10798, Suburban, as said Lot is marked and designated on Drawing No. NI-202, L.M. Check No. 342-FY93, prepared by Nestorio C. Ignatio, RLS No. 65, dated April 28, 1993; recorded in the Department of Land Management, Government of Guam on April 28, 1993 under Document No. 488211.
>
> AREA: 4,339 Square Meters (REC.)
> 4,339 Square Meters (COMP.)
>
> 46,701 Square Feet (REC.)
> 46,709 Square Feet (COMP.)
>
> Last Certificate of Title No. 15589

TOGETHER with all and singular any buildings, improvements, ways, streets, alleys, passages, water, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever thereunto belonging or in anywise appertaining and the reversions and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of the GRANTOR, at law or in equity, in and to the same.

TO HAVE AND TO HOLD the same, together with all the hereditaments and appurtenances thereunto belonging, connected with, and in anywise appertaining to said property, unto the GRANTEE, the heirs, successors of and the assigns of the GRANTEE forever.

The GRANTOR, hereby for the GRANTOR and the heirs and executors of the GRANTOR, covenant and warrant with the said GRANTEE, and the successors, heirs, and assigns of the GRANTEE, that the GRANTOR is seized in fee of the granted premises; that the title is marketable and that the premises are free from all encumbrances except as follows:

1. Current real property taxes which are not yet due.

2. Right of Entry recorded under document number 117699.

3. Grant of Easement recorded under document number 239994.

4. Proposed Access 14± feet wide recorded under document number 234861.

that the GRANTOR has good right to sell and convey the same as aforesaid; that the GRANTOR and the GRANTOR'S executors, heirs, and assigns shall warrant and defend the same to the said GRANTEE, and the GRANTEE'S successors, heirs, and assigns forever, against lawful claims of all persons. Except for encumbrances and exceptions of title as above indicated, the GRANTOR warrants that the GRANTOR owns the premises being conveyed.

The GRANTOR, or the heirs, administrators, assigns, and all persons hereafter claiming under the GRANTOR, will at any time hereafter, at the request and expense of the GRANTEE, or the heirs, administrators, assigns, or any person claiming under the GRANTEES, make all such further assurances for the more effectual conveying of the above-described property as may be reasonably required.

WATER IS IMMEDIATELY AVAILABLE ON THE PROPERTY OR WITHIN 100 FEET OF THE PROPERTY.

POWER (Electricity) IS IMMEDIATELY AVAILABLE ON THE PROPERTY OR WITHIN 100 FEET OF THE PROPERTY.

IN WITNESS WHEREOF, the undersigned have hereunto set their hands this 24TH day of MAY, 1993.

GRANTOR:

GRANTEE:
LING'S CORPORATION

_____
TERRI C. DAVIS

By: _____
Authorized Representative
Robert N. Davis

TERRITORY OF GUAM    )
                     )  ss:
CITY OF AGANA        )

ON THIS 24TH day of MAY 1993, before me, a Notary Public, personally appeared TERRI C. DAVIS, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

_____
NOTARY PUBLIC

> ANTOINETTE A. DYDASCO
> NOTARY PUBLIC
> In and for the Territory of Guam, U.S.A.
> My Commission Expires: June 21, 1997
> 424 W. O'Brien Dr., Agana, Guam 96910

TERRITORY OF GUAM    )
                     )  ss:
CITY OF AGANA        )

ON THIS 24TH day of MAY 1993, before me, the undersigned notary, personally appeared ROBERT N. DAVIS, the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose as Vice President for Ling's Corporation, a corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

_____
NOTARY PUBLIC

> ANTOINETTE A. DYDASCO
> NOTARY PUBLIC
> In and for the Territory of Guam U.S.A.
> My Commission Expires: June 21, 1997
> 424 W. O'Brien Dr., Agana, Guam 96910